IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GALDERMA LABORATORIES, L.P. and )
TCD ROYALTY SUB LP, )
)
Plaintiffs, )
)
v. )   C.A. No.: _____
)
PRINSTON PHARMACEUTICAL, INC., )
)
Defendant. )

## COMPLAINT

Plaintiffs Galderma Laboratories, L.P. ("Galderma") and TCD Royalty Sub LP ("TCD") (collectively, "Plaintiffs"), for their Complaint against Defendant Prinston Pharmaceutical Inc. ("Prinston" or "Defendant"), hereby allege as follows:

## THE PARTIES

1.     Plaintiff Galderma is a limited partnership registered in the State of Texas, having a principal place of business at 14501 North Freeway, Fort Worth, Texas 76177.

2.     Plaintiff TCD is a limited partnership organized and existing under the laws of the State of Delaware, having a registered address at Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

3.     On information and belief, Defendant Prinston is a corporation organized under the laws of Delaware and its principal place of business is located at 700 Atrium Drive Somerset, New Jersey 08873.

4.     On information and belief, Defendant Prinston is in the business of manufacturing and selling generic versions of branded pharmaceutical drugs for the U.S. market.

5.      On information and belief, Prinston knows and intends that upon approval of Prinston's ANDA, Prinston will manufacture, market, sell, and distribute Prinston's ANDA Product throughout the United States, including in Delaware.

6.      On information and belief, following any FDA approval of Prinston's ANDA, Prinston will distribute and sell Prinston's ANDA Product throughout the United States, including within Delaware.

7.      On information and belief, Defendants Prinston acted to prepare and submit Prinston's ANDA No. 21-7098 to the FDA.

## NATURE OF THE ACTION

8.      This is a civil action for infringement of United States Patent No. 7,749,532 ("the '532 patent") and United States Patent No. 8,206,740 ("the '740 patent") (collectively, "the patents-in-suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

9.      This action relates to Defendant Prinston's submission of Prinston's ANDA, under Section 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)), seeking U.S. Food and Drug Administration ("FDA") approval to commercially manufacture, use, import, offer to sell, and/or sell Doxycycline Capsules 40 mg ("Prinston's ANDA Product"), before the expiration of the patents-in-suit.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.      This Court has personal jurisdiction over Defendant Prinston.

2

12. This Court has personal jurisdiction over Defendant Prinston because Defendant Prinston is incorporated in the State of Delaware.

13. On information and belief, Defendant Prinston's registered agent for service of process is American Incorporators Ltd, 1013 Centre Road Suite 403-A, Wilmington, Delaware 19805.

14. This Court has personal jurisdiction over Defendant Prinston because this suit arises out of and relates to Defendant Prinston's activities that are, and will be, directed to this Judicial District.

15. The Court has personal jurisdiction over Defendant Prinston because, among other things, Defendant Prinston has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, Defendant Prinston develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

16. This Court has personal jurisdiction over Defendant Prinston by virtue of the fact that, *inter alia*, Defendant has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2) that has led to and/or will lead to foreseeable harm and injury to Plaintiffs, including in the State of Delaware. Defendant states that it intends to engage in the commercial manufacture, use, and/or sale under Prinston's ANDA of Prinston's ANDA Product before the expiration of the patents-in-suit, throughout the United States, including in the State of Delaware.

17.    On information and belief, Defendant Prinston participated in the preparation, filing, and seeking FDA approval of Prinston's ANDA for Prinston's ANDA Product; continues to participate in seeking FDA approval of Prinston's ANDA; and intends to participate in the commercial manufacture, marketing, offer for sale, and sale of Prinston's ANDA Product throughout the United States, including in the State of Delaware.

18.    This Court also has personal jurisdiction over Defendant Prinston because it has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in other civil actions initiated in this jurisdiction.  *See, e.g., Otsuka Pharmaceutical Co., Ltd. and H. Lundbeck A/S v. Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co., Ltd. and Solco Healthcare US, LLC*, C.A. No. 20-1502-LPS (D.I. 12) (D. Del.); *Astellas Pharma Inc. et al. v. Prinston Pharm. Inc.*, C.A. No. 16-943-SLR (D.I. 16) (D. Del.); *AstraZeneca LP et al. v. Prinston Pharm. Inc.*, C.A. No. 15-1057-RGA (D.I. 12) (D. Del.).

19.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### GALDERMA'S ORACEA® PRODUCT AND THE PATENTS-IN-SUIT

20.    Plaintiff Galderma holds New Drug Application ("NDA") No. 50-805 on ORACEA® (doxycycline, USP) 40 mg Capsules, and is the exclusive distributor of ORACEA® Capsules in the United States.

21.    On July 6, 2010, the '532 patent, entitled "Once Daily Formulations of Tetracyclines" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  A copy of the '532 patent is attached as Exhibit A.

4

22.     On June 26, 2012, the '740 patent, entitled "Once Daily Formulations of Tetracyclines" was duly and legally issued by the USPTO.  A copy of the '740 patent is attached as Exhibit B.

23.     TCD is the owner of each of the patents-in-suit.  Galderma has an exclusive license under each of the patents-in-suit.

24.     The patents-in-suit are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for ORACEA® Capsules, which are sold by Galderma.

**PRINSTON'S ANDA AND NOTICE LETTER**

25.     On information and belief, Prinston submitted Abbreviated New Drug Application No. 21-7098 to the FDA under Section 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)), including a certification with respect to the patents-in-suit under § 505(j)(2)(B)(i), (ii), (iii), and (iv) of the Federal Food, Drug and Cosmetic Act and §355(j)(2)(B)(iv)(l) of the FDA ("Paragraph IV Certification"), seeking approval to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of Prinston's ANDA Product prior to the expiration of the patents-in-suit.

26.     Defendant Prinston sent a letter to Plaintiffs dated July 20, 2022, representing that it had filed a Paragraph IV Certification in ANDA No. 21-7098 with respect to the '532 and '740 patents, and that it is seeking approval of Prinston's ANDA Product under ANDA No. 21-7098 prior to the expiration of those patents ("Prinston's Notice Letter").

27.     This action is being commenced by Plaintiffs within 45 days of the receipt of Prinston's Notice Letter.

28.     Prinston's Notice Letter included an accompanying Offer of Confidential Access ("OCA") to certain Prinston confidential information regarding Prinston's ANDA Product. Counsel for Plaintiffs subsequently negotiated with counsel for Prinston in an effort to agree on reasonable terms for Prinston's OCA.  The parties were not able to reach an agreement with respect to the reasonable revisions to the terms of Prinston's OCA that Plaintiffs proposed.  Further, Plaintiffs would have insufficient time to further evaluate any confidential information that may be produced by Prinston under an OCA.

29.     To date, Prinston has not provided Plaintiffs with copies of any portions of Prinston's ANDA or any information regarding Prinston's ANDA Product, beyond the information that was set forth in Prinston's Notice Letter.

## PRINSTON'S INFRINGEMENT OF THE PATENTS-IN-SUIT

30.     Plaintiffs re-allege paragraphs 1-29 as if fully set forth herein.

31.     Prinston has notified Plaintiffs that it seeks FDA approval for its ANDA No. 21-7098 for Doxycycline Capsules 40 mg, and that the reference drug is Galderma's ORACEA® (doxycycline) Capsules, 40 mg.  On information and belief, Prinston has submitted to FDA bioequivalence data between its ANDA Product and Galderma's ORACEA® Product.  Upon information and belief, Prinston's ANDA Product meets the limitations of at least Claim 1 of each of the patents-in-suit.

32.     By seeking approval of ANDA No. 21-7098 to engage in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Prinston's ANDA Product prior to the expiration of the '532 and '740 patents, Prinston has infringed those patents under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

33.     Defendant Prinston is liable for infringement of the '532 and '740 patents under 35 U.S.C. § 271(e)(2)(A).  On information and belief, Defendant Prinston actively and knowingly caused to be submitted, assisted with, participated in, contributed to, or directed the submission of ANDA No. 21-7098 seeking to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of Prinston's ANDA Product prior to the expiration of the patents-in-suit.

34.     Moreover, if Prinston manufactures, uses, offers for sale, sells, or imports into the United States Prinston's ANDA Product, or induces or contributes to any such conduct, prior to the expiration of the '532 and '740 patents, including any applicable exclusivities or extensions, Prinston would infringe at least Claim 1 of each of those patents under 35 U.S.C. § 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

35.     Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of ANDA No. 21-7098 be a date that is not earlier than the expiration dates of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Plaintiffs are or become entitled.

36.     Plaintiffs will be irreparably harmed by Prinston's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

37.     Prinston was aware of the patents-in-suit before it filed its ANDA No. 21-7098. It had no reasonable basis to believe that it did not infringe those patents.

38.     This is an exceptional case.

**PRAYER FOR RELIEF**

Plaintiffs request that the Court grant the following relief:

A.      An Order adjudging and decreeing that Defendant Prinston has infringed the '532 and '740 patents under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 21-7098 to the FDA;

B.      An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Prinston's ANDA No. 21-7098 will not be earlier than the expiration dates of the '532 and '740 patents, or any later expiration of any patent term extension or exclusivity for the aforementioned patents-in-suit to which Plaintiffs are or become entitled;

C.      An Order adjudging and decreeing that the commercial manufacture, use, offer to sell, or sale of Prinston's ANDA Product in the United States, or importation of that product into the United States, would infringe the '532 and '740 patents under 35 U.S.C. § 271(a), (b) and/or (c).

D.      An Order permanently enjoining Defendant Prinston, its directors, officers, agents, attorneys, affiliates, divisions, successors, and employees, and those acting in privity or concert with them, from manufacturing, using, offering to sell, selling, marketing, distributing, or importing Prinston's ANDA Product identified in this Complaint, or any product that infringes the '532 and '740 patents, prior to the expiration of the patents-in-suit, including any extensions to which Plaintiffs are or become entitled;

E.      That Plaintiffs be awarded damages to the extent Defendants commercially manufacture, use, offer for sale, or sell within the United States, or import into the United States any product that infringes or induces or contributes to the infringement of the '532 and '740 patents, prior to the expiration of those patents, and that any such damages be awarded to Plaintiffs, together with prejudgment interest;

F.      Declaring that this is an exceptional case and awarding Plaintiffs their reasonable

attorneys' fees incurred in prosecuting this action; and

G.      Granting such other and further relief as the Court may deem just and proper.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL

Gerald J. Flattmann, Jr.
Evan D. Diamond
Vanessa Y. Yen
Andrew J. Cochran
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY  10036
(212) 556-2100

September 2, 2022

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*